UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---

WEST COAST 2014-7, LLC,

                        Plaintiff,      **No. 6:16-cv-6827(MAT)**

        -vs-

BRADLEY H. REYNOLDS, JULIE. E.
REYNOLDS, CAPITAL ONE BANK USA NA,
and JOHN DOES 1 THROUGH 12, said
persons having or claimed to have a
right, title, or interest in the
mortgaged premises herein, their
respective names presently unknown to
the plaintiff,

                        Defendants.
---

## **JUDGMENT OF FORECLOSURE AND SALE**

Upon the Summons in a Civil Action (the "Summons") and Verified Complaint (the "Complaint") filed herein on December 19, 2016; the Notice of Pendency filed in the Monroe County Clerk's Office on January 18, 2017; the Clerk's Entry of Default entered against Defendants Bradley H. Reynolds, Julie E. Reynolds and Capital One Bank USA NA on February 2, 2017; Plaintiff West Coast 2014-7, LLC's ("Plaintiff") Motion for Default Judgment of Foreclosure and Sale pursuant to Rule 55(a) of the Federal Rules of Civil Procedure dated August 7, 2017; the Declaration of Regularity in Support of Motion for

Default Judgment of Foreclosure and Sale and Memorandum of Law of Alan H. Weinreb, Esq. dated August 7, 2017; and the Affidavit of Amounts Due and Owing of Glenn Ohno sworn to the 26th day of July, 2017, by all of which it appears to the satisfaction of this Court that the plaintiff is in all respects entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law, it is hereby

**ORDERED, ADJUDGED AND DECREED**, as follows:

That the mortgaged premises described in the Complaint and described in Schedule A annexed hereto, being more commonly known as **25 Alger Drive, Chili, New York 14624** (the "Mortgaged Premises"), together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, and together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the Mortgaged Premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject,

as a sale in one parcel will be most beneficial to the interests of the parties;

That the sale be conducted at public auction to be held in the United States Courthouse, 100 State Street, Rochester, NY 14614, by and under the direction of Charles Salina, United States Marshal for the Western District of New York, who is hereby directed to conduct the sale of said premises pursuant to this Order.

The United States Marshal shall give public notice of the time and place of sale as follows:

He shall cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

>
> Bradley H. Reynolds
> 25 Alger Drive
> Chili, New York 14624
>
> Julie E. Reynolds
> 25 Alger Drive
> Chili, New York 14624
>
> Capital One Bank USA NA
> 1111 East Main Street
> 16th Floor
> Richmond, Virginia 23219;

He shall post copies of the Notice of Sale in three (3) conspicuous public places in Monroe County, New York, where the Mortgaged Premises are located;

He shall cause the Notice of Sale to be published once weekly for four consecutive weeks in the Democrat & Chronicle, a newspaper of general circulation published in Monroe County, where the Mortgaged Premises are located. The Notice of Sale need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 25 Alger Drive, Chili, New York. The plaintiff or any other party to this action may become a purchaser on such sale.

The United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and, upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, his fees and commissions on the said sale not exceeding, however, the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, the sum of $181,664.92, with interest thereon from July 26, 2017, the amount owing to the Plaintiff and secured by the mortgage which is the subject of this action, and also the amount of any sums expended by Plaintiff for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same.

That, in the event that the plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and acquired by the plaintiff and a valid assignment thereof filed with the United States Marshal, the United States Marshal shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by the plaintiff,

shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the United States Marshal, upon delivery to it of said United States Marshal's deed, the amount of such surplus; and that the United States Marshal then shall make the payments as herein directed.

That the United States Marshal shall take the receipt of the plaintiff or its attorney, for the amounts paid as herein above directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the United States Marshal make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to plaintiff, with the expenses of sale, interest, costs, and allowances, as aforesaid, the United States

Marshal specify the amount of such deficiency in his Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and that it is still further

**ORDERED, ADJUDGED AND DECREED** that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

The description of the said premises is attached hereto.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca

---
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    October 4, 2017
          Rochester, New York.

**SCHEDULE A**

**DESCRIPTION OF MORTGAGED PREMISES**

ALL that tract or parcel of land, situate in the Town of Chili, County of Monroe and State of New York, known and designated as Lot No. 46 as shown on a map of Gerwicks Subdivision, Section 4, being part of Lot No. 16 in the Sixth or 3000 Acre Tract, which map was filed in the Monroe County Clerk's Office in Liber 172 of Maps at Page 92. Said Lot No. 46 is situate on the southerly side of Alger Drive and is of the same dimensions as shown on said map.